**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Frank Hernandez, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 7844 |
| vs. | ) | Judge Pallmeyer |
| | ) | Magistrate Judge Schenkier |
| Midland Credit Management, Inc.; MRC | ) | |
| Receivables Corporation; and Encore Capital | ) | And related cases: |
| Group, Inc., formerly known as MCM Capital | ) | No. 06 C 0182 |
| Group, Inc. | ) | No. 07 C 6331 |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS**

Plaintiff Frank Hernandez, Jr., Ron Balogun, and Hughie Young ("Plaintiffs") respectfully request that this Court enter an order (i) granting preliminary approval of the proposed Class Action Settlement Agreement ("Agreement") with Defendants Midland Credit Management, Inc., MRC Receivables Corporation, and Encore Capital Group, Inc. ("Defendants"), attached hereto as Appendix A; (ii) approving the two forms of the Class Notice attached to the Agreement as Exhibits 1 and 2; (iii) designating Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel; and (iv) setting dates for opt-outs, objections and return of claim forms and a hearing for final approval.

In support of this motion, Plaintiffs state as follows:

1.      Plaintiff Hernandez filed the above-captioned action on behalf of himself and a class of similarly situated individuals in the United States District Court for the Northern District of Illinois, Eastern Division (the "*Hernandez* Action"), against Defendants alleging violations of the Fair Debt Collection Practices Act, 15. U.S.C. §1692 *et seq*. ("FDCPA"). In the *Hernandez* Action,

Plaintiff Hernandez alleged that a privacy notice sent by Defendants improperly threatened to provide information to third parties in violation of 15 U.S.C. §1692c.  Plaintiff Balogun filed an action against Defendants in the United States District Court for the Southern District of Indiana, *Balogun v. Midland Credit Management, Inc. et al.*, No. 1:05-CV-1790, later transferred to the Northern District of Illinois, No. 07 C 6331 (the "*Balogun* Action"); and Plaintiff Hughie Young filed a similar action in the Northern District of Illinois, Eastern Division, *Young v. Midland Credit Management, Inc. et al.*, No. 06 C 0182 (the "*Young* Action").  In the *Balogun* and *Young* Actions, Plaintiffs alleged that Defendants improperly provided information to third parties in violation of 15 U.S.C. §1692c.  Plaintiffs sought to recover statutory damages, as provided for by 15 U.S.C. §1692k, for themselves and three classes of individuals.

       2.    After arms-length discussion, the parties reached an agreement to settle Plaintiffs' claims, as set forth in the Agreement.  Appendix A.

       3.    Counsel for the parties have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.  Based upon their review and analysis, the parties entered into the Agreement.

       4.    The parties desire to settle and compromise the litigation, on the terms and conditions embodied in the Agreement and agree as follows:

       a.    <u>Class Certification</u>.  The Court has certified a Class in the *Hernandez* and *Balogun* Actions.  The parties have stipulated to the certification of a class, for settlement purposes only, in the *Young* Action.

(1)   The *Hernandez* Class is defined as:

All natural persons with Illinois addresses to whom any Defendants sent the form privacy notice at issue in this action on or after December 3, 2003, and on or before December 23, 2004; all natural persons with Wisconsin addresses to whom any Defendants sent the form privacy notice at issue in this action on or after January 11, 2004, and on or before January 31, 2005.

According to Defendants' records, there are there are approximately 52,000 members of the *Hernandez* Class.

(2)   The *Balogun* Class is defined as:

All natural persons with Indiana addresses who were sent a document similar to Exhibit A to the *Balogun* Complaint on or after November 29, 2004, and on or before December 17, 2005.

According to Defendants' records, there are approximately 13,679 members of the *Balogun* Class.

(3)   The *Young* Class is defined as:

All natural persons with Illinois addresses who were sent a document similar to Exhibit A to the *Young* Complaint, on or after January 12, 2005 and on or before February 1, 2006.

According to the Defendants' records, there are approximately 38,000 members of the *Young* Class.

b.   <u>The Settlement Fund</u>.  The Defendants agree to pay the sum of $900,000 (the "Settlement Fund"), to settle the claims of Plaintiffs and the Class, and to pay attorney's fees and costs to Class Counsel.

(1)   The Settlement Fund will be divided into two separate funds of $450,000 for purposes of distribution to the Class.  One $450,000 fund will provide the recovery to

the *Hernandez* Class, and the second $450,000 fund will provide recovery to the *Balogun* and *Young* Classes.

        (2)    Plaintiffs will petition the Court for an award of $1,000 each to be paid from the Settlement Fund, as their statutory damages and in recognition of their services as Class representatives. Defendants agree not to oppose Plaintiffs' petition for an award in an amount not to exceed $1,000 each.

        (3)    Class Counsel will petition the Court for fees and costs to be paid from the Settlement Fund, in an amount not to exceed 30% of the Settlement Fund, through petition for 30% of each of the separate $450,000 funds described above. Defendants agree not to oppose Class Counsel's application for attorney's fees in an amount not to exceed 30% (a total of $270,000) of the Settlement Fund. Class Counsel will not request additional fees or costs from Defendants or the Class.

        (4)    After the deduction of the Plaintiffs' incentive awards and attorney's fees and costs, the remaining balance of each $450,000 fund will be distributed to the members of the respective Classes, who do not exclude themselves and who return a timely participation form ("participating Class Member"). Each participating Class Member is limited to a single recovery and will receive a *pro rata* share of the balance of the applicable $450,000 fund. Payment to the participating Class Members will be made by check, void 90 days after issuance.

        (5)    In addition to the Settlement Fund, described above, Defendants shall pay the costs of notice and settlement distribution.

        c.    <u>Class Notice</u>. Defendant shall, within 30 days of entry of the Preliminary Approval Order, cause actual notice, in the forms of <u>Exhibits 1 and 2,</u> to the Agreement to be sent to the last known addresses of the members of the Classes, according to Defendants'

records. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendants shall forward any such returned notice to the address provided to Defendants within five days of receipt. The list containing the names and the last known addresses of the Class members, according to Defendants' records, as updated to reflect the address to which notice was forwarded ("Class List"), will be maintained by the parties, in electronic form, until a date two years following the Effective Date.

        d.        <u>Class Members' Right to Opt Out</u>. Any Class Member may seek to be excluded from the Agreement and the settlement by opting out of the Class within the time period set by this Court. Any Class Member who opts out of the Class and Agreement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

        5.        Defendant disclosed information relevant to the requirements of FED. R. CIV. P. 23, including the size of the putative class, which the parties have relied upon in reaching the Agreement and in bringing this motion. Based upon the size of the Class, and the disputed nature of Plaintiff's claim, the parties believe that the terms of the Agreement are fair and reasonable and that the proposed Agreement meets all of the requirements of Rule 23:

        a.        <u>Numerosity</u>. As noted above, there are approximately 52,000 persons who fall within the definition of the *Hernandez* Class, 13,679 persons who fall within the definition of the *Balogun* Class and 38,000 who fall within the definition of the *Young* Class. Such a number is sufficient to satisfy the numerosity requirement of Rule 23(a)(1). *See Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); *see also* Newberg on Class Actions, 3rd Ed. Sec. 3.05, at 3-25.

      b.    <u>Commonality</u>. "The threshold requirements of commonality and typicality [under Rule 23(a)(2) and (3)] are not high." *Shipes v. Trinity Industries*, 987 F.2d 311, 316 (5th Cir. 1987); *see also Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992). In the present case, all Class members were mailed the same form collection letter or form credit card solicitation that are identical or substantially similar to the those sent to Plaintiffs. Plaintiffs and the Classes are therefore united by that common issue.

      c.    <u>Typicality</u>. The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the reasons that the "commonality" requirement of Rule 23(a)(2) is met. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her clams are based on the same legal theory"); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (the typicality requirement is satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory). In the present case, Plaintiffs allege that all of the Class members were mailed either the same form letter or the same credit card solicitation. Accordingly, the typicality requirement of Rule 23(a)(3) is met.

      d.    <u>Adequacy of Representation</u>. The determination that the "representative parties will fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) involves two considerations: (i) whether the plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (ii) whether the plaintiff has any interests antagonistic

to the Class.  *General Tel. Co. v. Falcon*, 102 S.Ct. 2364, 2370 n.13 (1982); *Retired Chicago Police Ass'n*, 7 F.3d 584 (7th Cir. 1993).

Plaintiffs' counsel are experienced in class action and FDCPA litigation.  The Court has already found Class Counsel to be adequate and has found Plaintiffs Hernandez and Balogun to be adequate Class representatives.  In addition, Plaintiff Young has shown through his prosecution of this matter, that he has no interests which are antagonistic to the Class Members.  He and the other Plaintiffs have engaged in discovery to determine the value of the claims and have negotiated a fair and reasonable settlement on behalf of the Class Members.  Therefore, Plaintiffs and their counsel satisfy the adequacy of representation requirement embodied in Rule 23(a)(4).

        e.       <u>Predominance & Superiority</u>.  Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy.  Both of these requirements are satisfied.  The common question of whether the "privacy notice" and the practice of providing information to Capital One violate the FDCPA predominate over any individual issues.  Furthermore, a class action is the superior means of resolving these issues, as the alternative would be an excess of additional lawsuits all raising the identical allegations.

6.      It is expressly agreed and understood that the Agreement and its exhibits, as well as Defendants' lack of objection to this motion, do not constitute and in no event can be construed as, or deemed to be, an admission or concession by Defendants that these actions should or should not be maintained as class actions.

7.      Plaintiffs request that the Court set the following schedule for the proposed Agreement: (i) a deadline of 30 days from the date of the entry of the Preliminary Approval Order

for Defendants to cause notice to be mailed to the Class; (ii) a deadline of 45 days from the date set above [in section (i)], for the members of the Class to submit claim forms, request exclusion or object to the Agreement; (iii) a fairness hearing date approximately 30 days thereafter, to comply with the Class Action Fairness Act of 2005 ("CAFA"), and to permit the processing of claim forms; and (iv) a deadline of 7 days prior to the fairness hearing date for the parties to submit any memoranda in support of the settlement, and for Defendants to file a notification of compliance with the CAFA notice requirements, 28 U.S.C. §1715(b).

8. In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the parties, the parties intend for the Settlement Agreement to Control, subject to Court approval.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order in the form of Exhibit 3 to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) directs the mailing of the notice, in the forms attached as Exhibits 1 and 2 to the Agreement, and (iii) sets dates for opt-outs, objections, and schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman dedelman@edcombs.com, courtecl@edcombs.com
Michelle R. Teggelaar mteggelaar@edcombs.com
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

    I, Daniel A. Edelman, hereby certify that on January 10, 2008, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Richard E. Gottlieb (rgottlieb@dykema.com)
James W. McConkey (jmcconkey@dykema.com)
Renee L. Zipprich (rzipprich@dykema.com)
Margaret J. Rhiew (mrhiew@dykema.com)
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
Phone: 312-876-1700
Fax: 312-627-2302

                s/ Daniel A. Edelman
                Daniel A. Edelman