# EXHIBIT 2

Case 1:07-cv-06331   Document 78-4   Filed 01/10/2008   Page 1 of 8

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

# If you received a letter solicitation for a Capital One Credit Card based on information provided by Midland Credit Management you may benefit from a class action settlement.

*The cases are titled Young v. Midland Credit Management, Inc., No. 06 C 0182 and Balogun v. Midland Credit Management, Inc., No. 07 C 6331.*
*A Federal court authorized this notice. This is not a solicitation from a lawyer.*

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| **SEND IN A CLAIM FORM** | By sending in the claim form at the end of this notice, postmarked by _____, 2008, you will be entitled to receive a share of the Settlement Fund. |
|---|---|
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | By doing nothing, you will stay in the settlement but will not receive the settlement benefits. You will be giving up legal claims against the Defendants. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up your right to sue the Defendants. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them are explained below.**

### 1. Why did I get this notice?

We believe that the Defendants provided personal non-public information about you and your debt owed to Midland Credit Management, Inc. to Capital One so that it could send you a credit card solicitation. You would have received the solicitation between November 29, 2004, and December 17, 2005, if you are a resident of Indiana, and between January 12, 2005 and February 1, 2006 if you are a resident of Illinois.

You received this notice because you have a right to know about a proposed settlement of a class action lawsuit brought against Midland Credit Management, Inc., MRC Receivables Corporation; and Encore Capital Group, Inc.

QUESTIONS?  CALL (312) 917-4504 TO CONTACT CLASS COUNSEL'S OFFICE.                    Page 1

### 2. What is this lawsuit about?

The lawsuit claims that the Defendants violated the Fair Debt Collection Practices Act ("the Law") by disclosing personal non-public information about you to Capital One. The lawsuit claims that the law prohibits such disclosure. Defendants disagree that the disclosure violates the law.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Hughie Young and Ron Balogun), sue on behalf of a group (or a "Class") of people who have similar claims. The Court in this case found that this case should be treated as a class action.

### 4. Why is there a settlement?

In this case the parties weighed the risks of settlement versus proceeding with the case through trial, and consideration of these risks, reached a settlement. By settling the case, the parties avoid the cost of a trial, a potential appeal, and the people in the Class will get compensation.

### 5. How do I know if I am a part of the settlement?

The Court decided that persons who are residents of Indiana or Illinois who received a solicitation from Capital One as a result of information provided by Defendants are members of the Class. The Class includes residents of Indiana who received this solicitation between November 29, 2004, and December 17, 2005, and residents of Illinois who received this solicitation between January 12, 2005 and February 1, 2006. According to Defendants' records, you are a Class member.

## YOUR BENEFITS UNDER THE SETTLEMENT

### 6. What can I get from the settlement?

If you return the claim form at the end of this notice, postmarked by _____, 2008, you will be entitled to receive a share of the Settlement Fund. Class members who submit valid and timely claim forms will receive an equal share of the fund after payment to Plaintiffs and attorney's fees and costs.

The settlement provides for the creation of a Settlement Fund of $450,000 which will be used to pay the Plaintiffs, Class Members (including yourself) and the attorney's fees and costs.

There are approximately 51,679 Class Members.  Class Counsel expects that approximately 10% of the Class Members will return a claim form and be eligible to receive a share of the $450,000 Settlement Fund.  This would result in the Class Member claimants receiving approximately $60.57, after payment of Plaintiffs' awards and the attorney's fees and costs.  This amount could increase or decrease depending upon the number of Class Members who return a claim form.

### 7.  When will I receive these benefits?

You will receive these benefits within 45 days after the settlement has been approved and the time to appeal that approval to a higher court has expired or the appeal has been decided.

### 8.  I want to be a part of the settlement and receive these benefits.  What do I do?

You need to return the claim form at the end of this notice to the address provided on the form.  It must be postmarked by _____, 2008.

### 9.  What am I giving up to receive these benefits?

By staying in the class, all of the Court's orders will apply to you, and you give Defendants a "release."  A release means you can't sue or be part of any other lawsuit against Defendants about the claims or issues in this lawsuit ever again.  Even if you do not return a claim form, you will be a member of the Class unless you exclude yourself.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, but you want to keep you're your legal claims against the Defendants on your own over the claims in this case, then you must take steps to get out.  This is called excluding yourself.

### 10.  How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from Young v. Midland Credit Management, Inc. et al., No. 06 C 0182 (N.D. Ill.)  Be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request so that it is postmarked **no later than _____, 2008,** and sent to the following address:

Clerk of the Court
United States District Court for the Northern District of Illinois
219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your request for exclusion to Edelman, Combs, Latturner & Goodwin, LLC (#16043), 120 S. LaSalle Street, Suite 1800, Chicago, IL 60603.  Be sure to include the name and number of the case.

| 11.  If I exclude myself, do I still receive benefits from this settlement? |
|---|

No, you will not receive anything resulting from the settlement of this case, but you will have the right to sue the Defendants over the claims raised in this case, either on your own or as a part of a different lawsuit.  If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again.  You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

| 12.  Do I have a lawyer in this case? |
|---|

The Court has named the law firm of Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel.  You will not be charged for these lawyers, however they will be paid from the Settlement Fund in an amount approved by the Court.  If you want to be represented by your own lawyer, you may hire one at your own expense.  If you choose to hire your own lawyer, he or she must file an appearance by _____, 2008.

| 13.  How will the lawyers be paid? |
|---|

Class Counsel will ask the Court for attorney's fees and expenses of no more than 30% of the $450,000 Settlement Fund which covers this case.  The Defendants have also agreed to pay $1,000 to Plaintiffs Rob Balogun and Hughie Young for their statutory damages and for serving as the class representatives, subject to Court approval.  This amount will also be paid from the Settlement Fund

After these amounts are paid, the remainder of the Settlement Fund will be paid to the Class Members submitting valid and timely claim forms.

| 14.  Is this a fair settlement? |
|---|

Yes, Class Counsel believes that this settlement is fair.  The claim asserted on behalf of the class against Defendants is under the Fair Debt Collection Practices Act. ("FDCPA")  The FDCPA is a federal statute which provides for both individual actions and class actions.

In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000. (Please note that plaintiff's complaint did not allege actual damages.) In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendants' net worth or $500,000. In this case, the Defendants have stipulated that the $500,000 maximum applies. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit can also recover attorney's fees and the expenses of prosecuting the suit, if it is successful.

In this case, a Settlement Fund will be created which designates $450,000 to provide recovery to the Class Members, Plaintiffs, and pay attorney's fees and costs to Class Counsel.

### 15. What is the Defendants' view of this settlement?

As stated above, the parties reached an agreement after weighing the potential risks of continuing with litigation. In the related Hernandez case, the Court granted summary judgment in Plaintiff's favor on claims similar to those alleged here. By settling these related lawsuits, the parties are avoiding future litigation. Defendants are not admitting that they have done anything wrong. Defendants expressly deny the claims asserted by the Plaintiffs and deny all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 16. How do I tell the Court that I don't like the Settlement?

If you're a Class Member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Young v. Midland Credit Management, Inc. et al.*, No. 6 C 0182, your name, address, telephone number and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 17).

You must mail your objection so that it is postmarked no later than _____, 2008 to:

Clerk of the Court
United States District Court for the Northern District of Illinois
219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your request for exclusion to Edelman, Combs, Latturner & Goodwin, LLC (#16043), 120 S. LaSalle Street, Suite 1800, Chicago, IL 60603.  Be sure to include the name and number of the case.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend if you wish, but you are not required to do so.

### 17. Where and when is the fairness hearing?

The Court will hold a fairness hearing on _____, 2008 at _____ a.m. in the courtroom of Judge Rebecca Pallmeyer, Room 2119 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL 60604.  The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for the Class Counsel.  At that hearing the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice.

You are not required to come to the fairness hearing.

## GETTING MORE INFORMATION

### 18. How do I get more information?

You can call Edelman, Combs, Latturner & Goodwin, LLC, the firm representing the class, at (312) 917-4504, if you have any questions.  Before doing so, please read this full notice carefully.  You can also send an email to: info@edcombs.com or obtain information through their website at www.edcombs.com.

### 19. What if I have a new address?

If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case.  However, if this Notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter to: _____

✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂

**By executing this claim, I represent that I received a privacy notice from Defendants, and am therefore eligible to receive an award under the settlement.**

CLAIM FORM

RE:   <u>Young v. Midland Credit Management.</u>, No. 06 C 0182

IMPORTANT: THIS CLAIM FORM MUST BE <u>POSTMARKED</u> ON OR BEFORE _____, 2008 AND MAILED TO THE FOLLOWING ADDRESS:

SETTLEMENT ADMINISTRATOR
(ADDRESS)
(CITY, STATE ZIP)

Please LEGIBLY PRINT the following information:

NAME:   _____

ADDRESS:   _____

CITY:  _____

STATE:   _____

ZIP CODE:   _____

MCM ACCOUNT NUMBER:   _____

IF YOU USED A NAME OTHER THAN THAT LISTED ABOVE WITHIN THE PAST THREE YEARS, TO WHICH YOUR LETTER(S) FROM DEFENDANTS MAY HAVE BEEN ADDRESSED, PRINT THAT NAME HERE:

_____

<u>PLEASE WRITE LEGIBLY.  IF WE CANNOT READ THE ABOVE INFORMATION, WE CANNOT PROCESS YOUR CLAIM.</u>

_____
(YOUR SIGNATURE)

CHICAGO\2411442.1
ID\RLZ

QUESTIONS?  CALL (312) 917-4504 TO CONTACT CLASS COUNSEL'S OFFICE.     Page 7