# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Frank Hernandez, Jr., | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | No. 04 C 7844 |
|     vs. | ) | Judge Pallmeyer |
| | ) | Magistrate Judge Schenkier |
| Midland Credit Management, Inc.; MRC | ) | |
| Receivables Corporation; and Encore Capital | ) | And related cases: |
| Group, Inc., formerly known as MCM Capital | ) | No. 06 C 0182 |
| Group, Inc. | ) | No. 07 C 6331 |
| | ) | |
|       Defendants. | ) | |

**<u>FINAL APPROVAL ORDER</u>**

      1.      On _____, 2008, this Court preliminarily approved the Class Settlement Agreement reached between Plaintiffs Frank Hernandez, Jr., Ron Balogun, and Hughie Young ("Plaintiffs") and the three classes of persons as defined in the Settlement Agreement ("Class"); and Midland Credit Management, Inc., MRC Receivables Corporation, and Encore Capital Group, Inc., ("Defendants"). The Court approved two forms of notice for mailing to the class. The Court is informed that actual notice was sent by first-class mail to approximately _____ members of the *Hernandez* Class and _____ members of the *Young* Class (counting couples and other joint persons as a single class member). A total of \_\_\_\_ envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and \_\_\_ envelopes were returned and successfully re-mailed to a forwarding address. \_\_\_ class members requested exclusion and \_\_\_ objections were filed or received. A total of approximately _____ members of the *Hernandez* Class submitted timely claim forms and approximately _____ members of the *Young* and *Balogun* Classes

1

submitted timely claim forms. As of _____, 2008, a total of _____ late claim forms have been received.

      2.      On _____, 2008, the Court held a fairness hearing to which Class members, including any with objections, were invited. The Court, being fully advised in the premises, hereby orders:

      3.      The Court finds that the three Classes covered by the Settlement Agreement, and previously certified by the Court is appropriate under FED. R. CIV. P. 23.

      4.      The Court finds that the provisions for notice to the Class satisfy the requirements of FED. R. CIV. P. 23 and due process.

      5.      The Court finds that the settlement is fair and reasonable, and hereby approves the **CLASS SETTLEMENT AGREEMENT** submitted by the parties, including the release and the payment by Defendants $900,000 to create a Settlement Fund. The Settlement Fund will be divided into two $450,000 class funds for the *Hernandez* Class and the *Young* Class. The Court approves payment of $1,000 to Plaintiff Hernandez from the *Hernandez* Class Fund and $1,000 each to Plaintiffs Balogun and Young from the *Young* Class Fund. The Court also approves the payment of 30% of the *Hernandez* Class Fund and 30% of the *Young* Class Fund to Class Counsel as attorney's fees and costs. After payment to Plaintiffs and Class Counsel, the remainder of each Class Fund will be divided *pro rata* between each member of the respective class who submitted a claim form which was timely or which was otherwise permitted by the Court. If any portion of the Settlement Fund remains as a result of uncashed checks, these funds will be donated as *cy pres* awards in equal amounts to Sargent Shriver National Center on Poverty Law, Prairie State Legal Services, and Indiana Legal Services.

6. Plaintiffs and the Class Members grant Defendants the following release: Plaintiffs and each Class Member, their assigns, heirs, successors and personal representatives, not opting out, as of the Effective Date of the Agreement, do hereby release and forever discharge the Defendants, and their present or former parents, officers, directors, partners, members, principals, insurers, insureds, representatives, employees, agents, attorneys, servants, predecessors, successors, subsidiaries, affiliates, shareholders, and assigns ("Released Parties") of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, arising out of the allegations made in the actions styled *Hernandez v. Midland Credit Management, Inc.*, No. 04 C 7844 (N.D. Ill.), *Balogun v. Midland Credit Management, Inc. et al.*, No. 07 C 6331 (N.D. Ill.), and *Young v. Midland Credit Management, Inc. et al.*, No. 06 C 0182, under any legal theory. This release is conditioned on the final approval of the Agreement by the Court and Defendants meeting their obligations therein.

7. The following individuals have opted out of the settlement, and are hereby excluded from the Agreement:

8. The Court finds the Agreement fair and made in good faith.

9. The Court dismisses the claims of Plaintiff and the Class against Defendant and the Released Parties without prejudice and without costs (other than what has been provided for in the Agreement).

10. The dismissal of this action will be converted to a dismissal with prejudice on _____, 2008, absent a timely motion by Plaintiffs or Defendants.

DATE: _____   ENTERED: _____
                              The Honorable Rebecca Pallmeyer
                              United States District Judge

3