

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Frank Hernandez, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 7844 |
| vs. ) | Judge Pallmeyer |
| ) | Magistrate Judge Schenkier |
| Midland Credit Management, Inc.; MRC ) | |
| Receivables Corporation; and Encore Capital ) | And related cases: |
| Group, Inc., formerly known as MCM Capital ) | No. 06 C 0182 |
| Group, Inc. ) | No. 07 C 6331 |
| ) | |
| Defendants. ) | |

## FINAL APPROVAL ORDER

1.  On January 14, 2008, as amended on April 8, 2008, this Court preliminarily approved the Amended Class Settlement Agreement reached between Plaintiffs Frank Hernandez, Jr., Ron Balogun, and Hughie Young ("Plaintiffs") and the three classes of persons as defined in the Amended Settlement Agreement ("Class"); and Midland Credit Management, Inc., MRC Receivables Corporation, and Encore Capital Group, Inc., ("Defendants"). The Court approved two forms of notice for mailing to the class. The Court is informed that actual notice was sent by first-class mail to approximately 80,440 members of the *Hernandez* Class and 12,983 members of the *Young* and *Balogun* Classes (counting couples and other joint persons as a single class member). A total of 35,981 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and 464 envelopes were returned and successfully re-mailed to a forwarding address. A total of 4 class members requested exclusion and one objection was filed or received. A total of approximately 2,970 members of the *Hernandez* Class submitted valid timely claim forms and

1

approximately 329 members of the *Young* and *Balogun* Classes submitted valid timely claim forms. As of July 1, 2008, a total of 79 late claim forms have been received and 36 claim forms have been received without signature.

2. On July 8, 2008, the Court held a fairness hearing to which Class members, including any with objections, were invited. The Court, being fully advised in the premises, hereby orders:

3. The Court finds that the three Classes covered by the Amended Settlement Agreement, and previously certified by the Court is appropriate under FED. R. CIV. P. 23.

4. The Court finds that the provisions for notice to the Classes satisfy the requirements of FED. R. CIV. P. 23 and due process.

5. The Court finds that the settlement is fair and reasonable, and hereby approves the **AMENDED CLASS SETTLEMENT AGREEMENT** submitted by the parties, including the release and the payment by Defendants $900,000 to create a Settlement Fund. The Settlement Fund will be divided into two separate funds. A fund of $774,000 will provide the recovery to the *Hernandez* Class, and a second fund of $126,000 will provide recovery to the *Young* and *Balogun* Classes. The Court approves payment of $1,000 to Plaintiff Hernandez from the *Hernandez* Class Fund and $1,000 each to Plaintiffs Balogun and Young from the *Young* and *Balogun* Class Fund. The Court also approves the payment of 30% of the Settlement Fund to Class Counsel as attorney's fees and costs. After payment to Plaintiffs and Class Counsel, the remainder of each Class Fund will be divided *pro rata* between each member of the respective class who submitted a claim form which was timely or which was otherwise permitted by the Court. The Court specifically permits the inclusion of any late claim forms which are received by July 8, 2008 and the claim forms which lacked a signature. If any portion of the Settlement

Fund remains as a result of uncashed checks, these funds will be donated as *cy pres* awards in equal amounts to Sargent Shriver National Center on Poverty Law, Prairie State Legal Services, and Indiana Legal Services.

6. The Court permits the inclusion of Jesse Robinson who appeared in Court at the Fairness Hearing held on July 8, 2008.

7. Plaintiffs and the Class Members grant Defendants the following release: Plaintiffs and each Class Member, their assigns, heirs, successors and personal representatives, not opting out, as of the Effective Date of the Agreement, do hereby release and forever discharge the Defendants, and their present or former parents, officers, directors, partners, members, principals, insurers, insureds, representatives, employees, agents, attorneys, servants, predecessors, successors, subsidiaries, affiliates, shareholders, and assigns ("Released Parties") of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, arising out of the allegations made in the actions styled *Hernandez v. Midland Credit Management, Inc.*, No. 04 C 7844 (N.D. Ill.), *Balogun v. Midland Credit Management, Inc. et al.*, No. 07 C 6331 (N.D. Ill.), and *Young v. Midland Credit Management, Inc. et al.*, No. 06 C 0182 (N.D. Ill.), under any legal theory. This release is conditioned on the final approval of the Agreement by the Court and Defendants meeting their obligations therein.

8. The following individuals have opted out of the settlement, and are hereby excluded from the Agreement:

    a. Doris McBride;

    b. Briana B. Montgomery;

    c. Stacy R. Tabor;

    d. Billie Beason.

9. The Court finds the Agreement fair and made in good faith.

10. The Court dismisses the claims of Plaintiffs and the Classes against Defendants and the Released Parties without prejudice and without costs (other than what has been provided for in the Agreement).

11. The dismissal of this action will be converted to a dismissal with prejudice on August 8, 2008, absent a timely motion by Plaintiffs or Defendants.

DATE: July 14, 2008         ENTERED: _____
                            The Honorable Rebecca Pallmeyer
                            United States District Judge